IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CT-3363-D

JASON ERNEST CHAPPELL, )
)
Plaintiff, )
)
v. ) **ORDER**
)
OFFICER FRANKLIN, et al., )
)
Defendants. )

On May 22, 2019, Magistrate Judge Numbers conducted an initial review of Jason Ernest Chappell's ("Chappell") complaint under 28 U.S.C. § 1915A(a) and issued a Memorandum and Recommendation ("M&R") recommending that the court dismiss Chappell's claims against defendants Officer Franklin ("Franklin") and Lieutenant Swett ("Swett") without prejudice because plaintiff only sued these defendants in their official capacities [D.E. 10]. The M&R alternatively recommended that the court permit Chappell to amend his complaint [D.E. 10]. The M&R also recommended that the court grant Chappell's motion to correct [D.E. 8], and dismiss Carolinas Medical Center from this action. See id. The deadline to object to the M&R was June 5, 2019. See id. at 3–4. On June 28, 2019, Chappell objected to the M&R [D.E. 11].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that

there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and Chappell's objection. Chappell expressly alleges claims against Franklin and Swett in their official capacities only. See Compl. [D.E. 1] 3–4. As Magistrate Judge Numbers recommended, these claims fail. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Kentucky v. Graham, 473 U.S. 159, 165–66 (1985).

"[W]hen a plaintiff does not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity." Biggs v. Meadows, 66 F.3d 56, 61 (4th Cir. 1995); see Chandler v. Forsyth Technical Community College, 294 F. Supp. 3d 445, 446 n.1 (M.D.N.C.), aff'd, 739 F. App'x 203 (4th Cir. 2018) (per curiam) (unpublished). It is not clear whether Biggs applies when a plaintiff expressly alleges capacity in his complaint. Compare Amos v. Md. Dep't of Pub. Safety & Corr. Servs., 126 F.3d 589, 608–09 (4th Cir. 1997) (stating that Biggs applies only when a plaintiff does not specifically allege capacity in his complaint), vacated and remanded on other grounds by, 118 S. Ct. 2839 (1998), with Nelson v. Strawn, 78 F.3d 579, 1996 WL 84447, at *1 (4th Cir. Feb. 28, 1996) (unpublished table decision) (stating that the district court should have applied Biggs to a pro se complaint even if "the complaint expressly stated that the claims" were intended to be limited to a defendant's official capacity). Although Chappell proceeds pro se, Chappell also unambiguously alleges claims against Franklin and Swett only in their official capacities. See, e.g., Worsley v. Perdue, No. 5:10-CV-257-D, 2010 WL 11546129, at *1–2 (E.D.N.C. July 13, 2010) (unpublished), aff'd, 406 F. App'x 752 (4th Cir. 2011) (per curiam) (unpublished). Thus, the court is satisfied that there is no clear error on the face of the M&R and the record. Accordingly, the court adopts the conclusions in the M&R.

2

In sum, the court ADOPTS the conclusions in the M&R [D.E. 10], DISMISSES Chappell's complaint [D.E. 1], and GRANTS Chappell's motion to correct [D.E. 8]. Chappell shall have until October 30, 2019, to amend his complaint against defendants Franklin and Swett only. If Chappell fails to file an amended complaint by October 31, 2019, the clerk shall close the case without further order of the court. The clerk shall continue management of the case.

SO ORDERED. This 13 day of September 2019.

                                                         JAMES C. DEVER III
                                                        United States District Judge